| STATE OF SOUTH CAROLINA, | ) | FILED-CLERK OF COURT |
|---|---|---|
| COUNTY OF Greenville | ) | GREENVILLE CO. S.C. |
| | ) | PAUL B. WICKENSIMER |
| Paul McGrade | ) | 2015 MAY |
| Plaintiff, | ) 5 PM 2 11 | IN THE COURT OF COMMON PLEAS |
| | ) | 2015-CP-23-02889 |
| vs. | ) | SUMMONS |
| | ) | FILE NO. _____-CP-____-____ |
| City of Greenville Police Department | ) | |
| Defendant. | ) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Clemson _____, South Carolina

_____
Plaintiff/Attorney for Plaintiff

Dated: 4/30/15

Address: PO Box 661, 176 E. Main St., Pendleton, SC 29670

SCCA 401 (5/02)

**STATE OF SOUTH CAROLINA**

**COUNTY OF** Greenville

**IN THE COURT OF COMMON PLEAS**

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2015 MAY 5 PM 2 11

Paul McGrade

Plaintiff(s)

vs.

City of Greenville Police Department

Officer John Doe

Defendant(s)

**CIVIL ACTION COVERSHEET**

_____-CP-_____-_____

2015-CP-23-02889

(Please Print)
Submitted By: Howard W. Andreson III
Address: PO Box 661, 176 E. Main St.
Pendleton, SC 29670

SC Bar #: 100329
Telephone #: 864-643-5790
Fax #: 1-864-332-9798
Other:
E-mail: howard@hwalawfirm.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
*If Action is Judgment/Settlement do not complete

☐ **JURY TRIAL** demanded in complaint.   ☒ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-NI-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | ☐ Other (299) | ☒ Other (399) | ☐ Other (499) |
| | | Civil Rights | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript of Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture-Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | ☐ Confession of Judgment (770) | ☐ Zoning Board (970) |
| | | | ☐ Public Service Commission (990) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Employment Security Commission (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (799) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Foreign Subpoenas (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | | | |

**Submitting Party Signature:** _____   **Date:** 4/30/15

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/2014)                                                                 Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
               **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) FILED-OLE IN THE COURT OF COMMON PLEAS
) GREENVILLE CO. 13th JUDICIAL CIRCUIT
COUNTY OF GREENVILLE ) PAUL B. WICKENSIMER
)
) 2015 MAY 5 PM 2 11
PAUL MCGRADE, ) 2015-CP-23-02889
*Plaintiff*, )
)
vs. )
)
CITY OF GREENVILLE POLICE DEPART- )
MENT and OFFICER JOHN DOE, )
*Defendant*. )

## COMPLAINT

COMES NOW Paul McGrade and complains as follows:

1. Paul McGrade is a citizen and resident of this county.

2. The City of Greenville Police Department (the "GPD") is an "agency" for the purposes of S.C. Code § 15-78-40 because it was, on or about March 30, 2015, the employer of Defendant Officer John Doe.

3. Officer John Doe was, on or about March 30, 2015, a police officer with the Defendant Greenville City Police Department.

4. Venue is proper in this county as one or more of the Defendants reside here and the most substantial part of the controversy arose here.

### COUNT I - § 1983 (as to Officer Doe)

5. Mr. McGrade repeats each of the forgoing as if fully set forth here.

6. On or about March 30, 2015, Officer Doe intentionally broke the close of Mr. McGrade's home in Greenville without his consent and remained there without lawful authority even after being asked to leave.

1

7. During the incident described above, Officer Doe restrained Mr. McGrade's liberty in his own home, without warrant or lawful authority, by refusing to permit him to shut the door to his home.

8. At all relevant times, Officer Doe was a "person" acting under color of law for the purposes of 42 U.S.C. § 1983.

9. Officer Doe's conduct violated Mr. McGrade's rights against unreasonable searches and seizures guaranteed under the Fourth Amendment in the United States Constitution.

COUNT II – TORT CLAIMS ACT (as to the GPD)

10. Mr. McGrade repeats each of the forgoing paragraphs as if fully set forth here.

11. At the time of Officer Doe's entry, Mr. McGrade was in legal possession of his home.

12. Officer Doe also physically interfered with Mr. McGrade's possession of his home by preventing him from shutting the door to the home.

13. At the time of Officer Doe's entry, Officer Doe was acting within the course and scope of his employment duties with Defendant GPD.

14. Officer Doe's actions were done without Mr. McGrade's consent.

15. The GPD is, therefore, liable to Officer McGrade for trespass to real property.

Wherefore, Mr. McGrade prays that this Court will:

A. Award him a declaratory judgment that Officer McGrade violated his constitutional and real property rights;

2

B. Award him damages, in an amount to be proven at trial;

C. Award him his costs;

D. Award him a reasonable attorney's fee; and

E. Award him such further relief as justice may require.

Respectfully submitted,

PAUL MCGRADE

Howard W. Anderson III
SC Bar No. 100329

Angela N. Lane
SC Bar No. 101544

Law Office of Howard W. Anderson III, LLC
PO Box 851
Clemson, SC 29633-0851
864-643-5790 (P)
864-332-9798 (F)
howard@hwalawfirm.com

Angela Lane Law Firm, LLC
PO Box 851
Sandy Springs, SC 29677
864-326-5421 (P)
864-226-2320 (F)
angelalane@theangelalanelawfirm.com

3